UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PATRICK BLAKE, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | Case No. 2:14-CV-00120 |
| v. | § § | |
| ARCHER DRILLING, LLC | § § | |
| Defendant. | § § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Archer Directional Drilling Services LLC ("Defendant") (misidentified as "Archer Drilling, LLC") files this Answer to Plaintiff's Complaint.  Defendant denies all allegations in the Complaint that are not specifically admitted below.  The numbered paragraphs below correspond to the numbered paragraphs in Plaintiff's Complaint.

## I.    SUMMARY

1.    Defendant admits that Plaintiff is bringing this lawsuit under the Fair Labor Standards Act ("FLSA"), but denies that Plaintiff is entitled to any damages and that Archer Drilling, LLC is the correct Defendant.  Defendant also admits that Plaintiff was not paid overtime for hours worked in excess of 40 in a week and that Defendant paid Plaintiff a base salary and daily rate.  Defendant denies any and all remaining allegations in this paragraph.  Additionally, Defendant objects that this paragraph states legal conclusions and contains Plaintiff's description of this action as a putative collective action, which Defendant is not required to admit or deny.  To the extent a response is

required, Defendant refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses and deny that any class or collective action treatment is appropriate.

## II.      JURISDICTION AND VENUE

2.      Defendant does not dispute this Court's jurisdiction over this matter at this time.

3.      Defendant asserts that this action should be transferred to another forum under 28 U.S.C. § 1404.  Accordingly, pursuant to Section 1404(a), Defendant intends to move to transfer venue to the Southern District of Texas, Houston Division, which is the most convenient forum for the parties and witnesses in this lawsuit.

## III.      PARTIES

4.      Defendant admits that Plaintiff worked for Defendant as a Directional Driller.  Defendant admits that Plaintiff's written consent was attached to the Complaint. Defendant admits that Plaintiff resides in the Houston, Texas area.  Defendant denies any and all remaining allegations in this paragraph.

5.      This paragraph contains Plaintiff's definition of a proposed class.  To the extent a response is required, Defendant denies that any class or collective action treatment is appropriate and otherwise refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.

6.      Defendant admits that Archer Directional Drilling Services LLC is a foreign limited liability company and that Plaintiff has accurately alleged Defendant's

registered agent for service of process.  Defendant also admits that it is headquartered in

Houston, Texas.  Defendant denies any and all remaining allegations in this paragraph.

## IV.    COVERAGE UNDER THE FLSA

7.    Defendant objects that this paragraph states a legal conclusion, which

Defendant is not required to admit or deny.  To the extent further response is required,

Defendant admits that it is or has been an employer under the FLSA.

8.    Defendant objects that this paragraph states a legal conclusion, which

Defendant is not required to admit or deny.  To the extent further response is required,

Defendant is without sufficient information to admit or deny whether Defendant is an

"enterprise" within the meaning of the cited portions of the FLSA.

9.    Defendant objects that this paragraph states a legal conclusion, which

Defendant is not required to admit or deny.  To the extent further response is required,

Defendant is without sufficient information to admit or deny whether Defendant is an

"enterprise" within the meaning of the cited portions of the FLSA.  Defendant admits that

it has had an annual gross business volume of not less than $500,000.

10.    Defendant objects that this paragraph states a legal conclusion, which

Defendant is not required to admit or deny.  To the extent further response is required,

Defendant is without sufficient information to admit or deny the allegations in this

paragraph.

## V.     FACTS

11.     Defendant admits that it performs horizontal and directional drilling services and operates in certain domestic locations.   This paragraph also contains Plaintiff's definition of a proposed class.  To the extent a response is required, Defendant denies that any class or collective action treatment is appropriate and otherwise refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.   In addition, Defendant objects that this paragraph contains legal conclusions, which it is not required to admit or deny.   Defendant denies any and all remaining allegations in this paragraph.

12.     Defendant denies all allegations in this paragraph.

13.     Defendant denies all allegations in this paragraph.

14.     Defendant denies all allegations in this paragraph.

## VI.     FLSA VIOLATIONS

15.     Defendant denies all allegations in this paragraph.

16.     Defendant denies all allegations in this paragraph.

## VII.    COLLECTIVE ACTION ALLEGATIONS

17. Defendant is without sufficient information to admit or deny the allegations with respect to communications Plaintiff may or may not have had with other employees. Defendant denies all remaining allegations in this paragraph.

18.     Defendant is without sufficient information to admit or deny the allegations with respect to any proposed class members because it is not clear precisely who the class members are.  Defendant denies all remaining allegations in this paragraph.

4

19.     Defendant denies all allegations in this paragraph.

20.     Defendant denies all allegations in this paragraph.

## VIII.  JURY DEMAND

21.     Defendant admits that Plaintiff has made a jury demand.

## IX.     RELIEF SOUGHT

22(a). This paragraph contains legal conclusions and requests for relief to which no response is required.  Defendant refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.

22(b). This paragraph contains legal conclusions and requests for relief to which no response is required.  Defendant refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.

22(c). This paragraph contains legal conclusions and requests for relief to which no response is required.  Defendant refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.

22(d). This paragraph contains legal conclusions and requests for relief to which no response is required.  Defendant refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.

22(e). This paragraph contains legal conclusions and requests for relief to which no response is required.  Defendant refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.

22(f).  This paragraph contains legal conclusions and requests for relief to which no response is required.  Defendant refers to and incorporates its responses to the other allegations in the Complaint and its Affirmative Defenses.

## X.    AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to identify a proper putative class and has failed to define the putative class with sufficient particularity.

2.      Neither Plaintiff nor any members of the proposed putative class are similarly situated and class or collective action treatment is improper, and further would violate Defendant's due process rights.  Plaintiff cannot meet the prerequisites for collective or class certification, including conditional certification.  Plaintiff is not a proper class representative and lacks standing.  Certification and/or notice to a potential class would be improper.

3.      With respect to Plaintiff and some or all potential class members, and depending on the scope of the putative class, Defendant acted in good faith, with the reasonable belief that it complied with the law.  Moreover, Defendant did not willfully deprive Plaintiff or some or all potential class members of any due compensation.

4.      Subject to further discovery, Defendant has acted in good faith and in reliance on a regulation, ruling, approval and/or interpretation of the Department of Labor.

5.      Depending on the scope of the putative class, Plaintiff and some or all potential class members were paid all compensation to which they were entitled under the FLSA.

6.      Depending on the scope of the putative class, claims of Plaintiff and some or all potential class members are barred by limitations.

7.      Depending on the precise claims asserted, and subject to discovery, some or all of the hours for which Plaintiff seeks overtime compensation are not hours worked under the FLSA and do not otherwise have to be included in the regular rate of pay.

8.      Depending on the scope of the putative class, Plaintiff and some or all of the potential class members are not entitled to liquidated damages.

9.      Depending on the scope of the putative class, as to Plaintiff and some or all potential class members, the amount of any unpaid overtime was de minimis.

10.     Plaintiff's damages, if any, are limited or capped in accordance with applicable law.

11.     Neither Plaintiff nor any potential class member is entitled to any declaratory or injunctive relief.

12.     Depending on the scope of Plaintiff's putative class, the Court may lack jurisdiction and/or proper venue as to claims over some potential class members.

13.     Plaintiff meets one or more exemptions from overtime pay, including the Highly Compensated Employee exemption, Administrative exemption, and Executive exemption.  Depending on the scope of the putative class, some or all potential class members meet those and possibly other white-collar exemptions.

14.     Plaintiff has misidentified the Defendant.

15.     Venue should be transferred under 28 U.S.C. § 1404(a).

Defendant reserves the right to amend this Answer by adding defenses, counterclaims, cross claims, or other demands as additional facts are obtained through investigation and discovery.  Defendant preserves and does not waive any defenses permitted by the Federal Rules of Civil Procedure or applicable law, or any other matter constituting an avoidance or defense as discovery may reveal to be applicable.

Respectfully submitted,

    /s/ Michael J. Muskat
Michael J. Muskat
Attorney-in-Charge
State Bar No. 24002668
Federal I.D. No. 22816
**MUSKAT, MARTINEZ & MAHONY, LLP**
1201 Louisiana Street, Suite 850
Houston, Texas  77002
Telephone:  (713) 987-7850
Facsimile:  (713) 987-7854
Email:  MMuskat@m3law.com

**ATTORNEYS FOR DEFENDANT ARCHER DIRECTIONAL DRILLING SERVICES LLC**

OF COUNSEL:
Gabrielle S. Moses
State Bar No. 24063878
Dorian B. Taibel
State Bar No. 24057076
**MUSKAT, MARTINEZ & MAHONY, LLP**
1201 Louisiana Street, Suite 850
Houston, Texas  77002
Telephone:  (713) 987-7850
Facsimile:  (713) 987-7854
Email:  gmoses@m3law.com
Email:  dtaibel@m3law.com

8

## <u>CERTIFICATE OF SERVICE</u>

      This is to certify that on May 16, 2014, a true and correct copy of the foregoing document has been served on Plaintiff's counsel of record via the Electronic Case Filing system.

*/s/ Michael J. Muskat*  
MICHAEL J. MUSKAT
