UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PATRICK BLAKE, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-120 |
| | § | |
| ARCHER DRILLING LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER ON MOTION TO TRANSFER VENUE

On April 11, 2014, Plaintiff, Patrick Blake (Plaintiff) filed a Fair Labor Standards Act (FLSA) lawsuit against Archer Directional Drilling Services, LLC, (Defendant) on behalf of himself and all other similarly situated drillers and operators who were employed by Defendant and were improperly paid a salary and/or day rate and no overtime compensation. Plaintiff seeks to recover back wages, unpaid overtime, and other statutory remedies.

Pending before the Court is Defendant's Motion to Transfer Venue (D.E. 10), whereby Defendant moves the Court to transfer this action to the United States District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1404(a). Plaintiff has responded to the motion (D.E. 22), and Defendant has replied (D.E. 24). For the reasons set out below, the motion is **GRANTED.**

### I.  LEGAL STANDARD

A district court is authorized, "[f]or the convenience of the parties and witnesses, in the interest of justice," to transfer any civil action to any other district or division

where the suit might have been brought. 28 U.S.C. § 1404(a). The goal of this provision is to "prevent the waste of time, energy[,] and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Shoemaker v. Union Pacific R.R. Co.*, 233 F.Supp.2d 828, 829 (E.D. Tex. 2002) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). The party seeking a change of venue bears the burden of demonstrating that the forum should be changed. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). To prevail on a motion to transfer venue for the convenience of the parties under § 1404(a), the movant must demonstrate that the balance of convenience and justice weighs in favor of transfer. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004); *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1165 (S.D. Tex. 1994).

Whether transfer pursuant to § 1404(a) is proper is committed to the sound discretion of the trial court, which should determine the motion based on an "individualized case-by-case consideration of convenience and fairness." *Shoemaker*, 233 F.Supp.2d at 829 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The threshold determination under § 1404(a) is whether the action could have been filed in the judicial district to which the transfer is sought. *In re Volkswagon AG*, 371 F.3d at 203. If the Court determines the action could have been filed in the judicial district to which the transfer is sought, the Court must next determine whether the transfer furthers the convenience of the parties and witnesses. There are certain private and public interest factors to consider in this regard. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the

attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

## II.   ANALYSIS

It is undisputed here that venue is proper in the Southern District of Texas. And as the venue statute, 28 U.S.C. § 1391, is based on districts, not divisions,[1] if Plaintiff's claims could have originally been filed in the Corpus Christi Division, they could have also been filed in the Houston Division.[2] Having met this threshold, the Court must now

---

[1] Prior to its repeal in 1988, 28 U.S.C.A. § 1393 required that venue be placed in the particular division of the federal district where the defendant of the suit resided. After the statute was repealed, venue was proper in any division of the proper district. *See* **14D WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE** § 3809 (3rd ed. 2007) ("Thus, there is no longer any requirement in federal civil cases that venue be laid in a particular division within a district"); *See also ADS Sec. L.P. v. Advanced Detection Sec. Services, Inc.,* No. A-09-CA-773 LY, 2010 WL 1170976, *1 n.1 (W.D. Tex. March 23, 2010) (explaining "[t]he general venue statute provides that non-diversity cases may be brought in: '(1) a judicial *district* where any defendant resides, if all defendants reside in the same State, (2) a judicial *district* in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial *district* in which any defendant may be found, if there is no district in which the action may otherwise be brought.' 28 U.S.C. § 1391 (emphasis added). Thus, the current venue statute speaks in terms of *districts* not *divisions*").

[2] *See Says v. M/V David C. Devall*, 161 F.Supp.2d 752, 753 (S.D. Tex. 2001) (noting that venue statute speaks in terms of districts not divisions and "[t]hus, if venue is proper in the Houston Division of the Southern District of Texas it is *ipso facto* proper in the Galveston Division"); *Perry v. Autocraft Investments, Inc.*, No. 4:13–CV–01959, 2013 WL 3338580, at *2 (S.D. Tex. July 2, 2013) (determining that "[a]s an initial matter, it is undisputed that Perry's claim could have originally been filed in the Houston Division. The venue statute, 28 U.S.C. § 1391, is based on districts, not divisions. If venue is proper in Galveston, it is also proper in Houston").

consider the private and public interest factors to determine whether the transfer furthers the convenience of the parties and witnesses.[3]

Turning to the convenience factors, as discussed in turn below, the Court finds that three of the four private interest factors favor transfer, while only one does not. Additionally, two of the four public interest factors favor transfer, while the other two are neutral or not implicated.

## A.  Private Interest Factors

### *1.     Relative ease of access to sources of proof*

Relative ease of access to sources of proof is the first factor weighing in favor of transfer to the Houston Division.  The relevant documents in this case are located at Defendant's corporate headquarters in Houston and at other regional offices, not in Corpus Christi.  Plaintiff argues that "unless the documents are so voluminous that their transport is a major undertaking, the locations of books and records is given little weight."  D.E. 22, p. 10. (citing *Sarmiento v. Producer's Gin of Waterproof, Inc.*, 439 F.Supp.2d 725, 732 (S.D. Tex. 2006)).  Plaintiff reasons that in the absence of an assertion by Defendant that its documentary sources of proof are voluminous, and given that Defendant has admitted that relevant documents are available electronically,

---

[3] "The venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  The § 1404(a) factors apply as much to *transfers between divisions of the same district* as to transfers from one district to another."  *In re Radmax, Ltd*., 720 F.3d 285, 287-88 (5th Cir. 2013) (emphasis added) (citations omitted).

Defendant's argument that this factor weighs in favor of transfer is "substantially undermine[d]." D.E. 22, p. 10-11.

Even if the location of Defendant's books and records should be given little weight, Plaintiff has failed to identify any documents available in Corpus Christi that would undercut even the little weight in favor of transfer.  As neither party identified any potential sources of proof in the Corpus Christi Division, "Houston's relatively easier access to potential documentary evidence favors transfer."  *Herbert v. Wade*, No. 3:13–CV–00076, 2013 WL 5551037, at *3 (S.D. Tex. Oct. 7, 2013).

Alternatively, Plaintiff also argues that the ease of access to other sources of proof such as opt-in plaintiffs and witnesses that are not employees of Defendant does not favor transfer to the Houston Division.  Plaintiff has not offered any evidence to suggest that Corpus Christi provides relatively easier access to opt-in plaintiffs or witnesses who might constitute sources of proof in this matter.  Although Plaintiff states that the vast majority of putative class members in this case are outside of both Corpus Christi and Houston, he does not contradict Defendant's evidence that relative to Corpus Christi, Houston is the location of more putative class members and potential witnesses. Therefore, this factor weighs in favor of transfer.

  2. *The availability of compulsory process to secure the attendance of witnesses*

Defendant has not indicated any particular non-party witnesses who may testify on its behalf and states that "it is currently unclear whether there will be any non-party witnesses in this case." D.E. 10, p. 9.  It asserts that witnesses *could* include potential

class members and other non-managerial company employees. D.E. 24, p. 4. Defendant argues that "Houston is over 100 miles from Corpus Christi, placing it outside the subpoena power of this Court." D.E. 10, p. 9. Plaintiff counters that Defendant failed to meet its burden on this factor because it "did not identify any uncontrolled witnesses whose attendance may require a subpoena or the topics on which they may testify." D.E. 22, p. 13 (citing *Bank One, N.A. v. Euro-Alamos Inv., Inc.*, 211 F.Supp.2d 808, 812 (N.D. Tex. 2002)).

The Court agrees with Plaintiff. As the movant for a transfer of venue, Defendant has the burden of establishing that this factor weighs in favor of transfer, and mere speculation about which non-party witnesses may testify, without more, is not sufficient to meet its burden. Accordingly, this factor does not weigh in favor of transfer.

### 3.   *The cost of attendance for willing witnesses*

The second factor that favors transfer to Houston is the cost of attendance for willing witnesses. As Defendant notes, "all of Archer Directional Drilling Services' corporate employees who have knowledge of relevant information concerning this lawsuit work and reside in the Houston area." D.E. 10, p. 10. Specifically, Defendant lists witnesses with knowledge of Plaintiff's employment with Defendant and its predecessor with regard to the company's corporate structure, pay practices, hiring and training practices, employee schedules, etc. D.E. 10, p. 10. These witnesses include the company's President, Controller, Payroll Manager, VP of Human Resources, Director of Human Resources, and former Human Resources Manager. D.E. 10, p. 10-11. Defendant also identifies other potential company witnesses who are located in its other

regional offices—outside of Houston and not in Corpus Christi—who would have relevant knowledge concerning the issues of this case. D.E. 10, p. 11.

Plaintiff does not address all of the inevitable costs that would be imposed on Defendant's Houston employees if they were required to travel from Houston to Corpus Christi and incur the attendant costs of travel, meals, lodging, and other incidental expenses. Rather, Plaintiff summarily asserts that the out-of-town company employees identified by Defendant "would have to get on a plane regardless of the particular Southern District division" so "this factor fails to support Defendant's motion." D.E. 22, p. 14.

The expenses Defendant's Houston employees would incur by travelling to Corpus Christi for trial clearly favors transfer. And as Defendant pointed out, all airplanes arriving at Corpus Christi International Airport are routed through either Dallas or Houston, as are all flights departing from Corpus Christi International Airport. Houston is the more efficient and cost-effective venue for out-of-town witnesses because the city has multiple airports with many direct flights from cities all over the country. Further, Plaintiff has not identified a single individual—including himself—for whom Corpus Christi would be a more efficient or cost-effective venue for litigating this matter.

Finally, Plaintiff also notes that "none of these facts prohibited Archer from litigating *Lopez v. Allis-Chalmers Energy, Inc., et al* [4] in Corpus Christi. However, the fact that Defendant may have previously litigated in the Corpus Christi Division does not mean that litigating the present case in another division would not be more convenient

---

[4] *Lopez v. Allis-Chalmers Energy, Inc., et al*, 2:11-CV-00353 (S.D. Tex. 2013).

and in the interest of justice.[5] While Plaintiff asserts that the *Lopez* case presented a similar legal issue, he does not contend that the same factual circumstances existed. Indeed, *Lopez* involved Corpus Christi plaintiffs and an original defendant that had a corporate presence in Corpus Christi. *See Lopez v. Allis-Chalmers Energy, Inc., et al*, 2:11-CV-00353, D.E. 1, p. 41 and D.E. 22-4, p. 1-2. Defendant's involvement in the *Lopez* case does not undermine its argument that the cost of attendance for willing witnesses weighs in favor of transfer. Thus, the third private interest factor strongly supports transfer to the Houston Division.

> 4. *All other practical problems that make trial of a case easy, expeditious, and inexpensive*

Defendant argues that because the case is in its earliest stages, there are no practical problems, including any undue delay, that would arise from a transfer of venue at this juncture. D.E. 10, p. 15. Plaintiff argues that "a case should not be transferred simply to shift the burden of inconvenience from the Defendant to the Plaintiff." D.E. 22, p. 14 (citing *Salinas v. O'Reilly Automotive*, 358 F.Supp.2d 569, 571-72 (N.D. Tex. 2005)). Plaintiff also suggests that he is "less able to bear the burden of that shift." D.E. 22, p. 14. Defendant states that Plaintiff has not shown that "he—or anyone else connected with this case—would be burdened in any way by litigating in Houston, which is where [Plaintiff] and many other potential class members and witnesses live." D.E. 24, p. 8.

---

[5] Defendant contests Plaintiff's characterization of its involvement in the *Lopez* case. Defendant claims that it was added as a Defendant "[w]ell into the litigation," and the case settled shortly after it was added as a party. D.E. 24, p. 10.

This action has a strong connection to Houston because Defendant is headquartered there, Plaintiff lives there, and a great bulk of the sources of documentary and testimonial evidence are located there. The connection to Corpus Christi is weak because, aside from the small percentage of putative class members (less than 3%) who have their permanent addresses in the division, no events or evidence relevant to this case have a Corpus Christi nexus. There is no basis upon which to find that transfer would improperly shift the burden of being inconvenienced from Defendant onto Plaintiff, as Plaintiff has not offered any evidence to establish that Corpus Christi is a more convenient forum for him than Houston. Finally, no undue delay will result from a transfer given that this case is still in the early stages. Consequently, this final private interest factor weighs in favor of a transfer to the Houston Division.

**B.     Public Interest Factors**

*1.     The administrative difficulties flowing from court congestion*

The Court agrees with Defendant's argument that this factor favors transfer because this Court is responsible for almost all of the civil cases filed in the Corpus Christi Division due to a judicial vacancy, whereas the Houston Division has eleven judges who draw civil cases. D.E. 10, p. 16.

*2.     The local interest in having localized interests decided at home*

Defendant argues that the Corpus Christi Division has no meaningful relationship to this case because (1) Plaintiff did not and presumably does not reside in Corpus Christi; (2) none of the pay practices at issue emanated from the division; (3) the company has no offices in the division; (4) very few potential class members reside in the

division; and (5) little or none of the work that was performed by Plaintiff and/or potential class members was performed in Corpus Christi. D.E. 10, p. 16. Plaintiff counters that "there is a significant local interest in the case and protecting the labor rights of workers" in the Corpus Christi Division because "Archer is heavily focused on the Eagleford Shale region, which has significant connections to Corpus Christi, [as] opposed to Houston." D.E. 22, p. 15. However, the defendant in this case is not Archer—which is a family of companies; it is Archer Directional Drilling Services, which is one of Archer Ltd.'s many subsidiaries. Archer Directional Drilling Services employed Plaintiff and the other potential class members, and Archer Directional Drilling Services has no offices or employees in Corpus Christi.

The local presence of subsidiaries of Defendant's parent company with no relationship to this litigation does not create a localized interest in this matter in Corpus Christi. Houston has a stronger relationship to this case given that Defendant is headquartered there, Plaintiff did and does live there, and the decisions about the pay practices at issue were made there. Given these considerations, it is evident that the second public interest factor weighs in favor of transfer.

*3.     The familiarity of the forum with the law that will govern the case*

Here, familiarity of the forum with the governing law is inconsequential. A court in the Houston Division would be just as competent to hear this type of FLSA claim as a court in the Corpus Christi Division. This factor is neutral.

*4. The avoidance of unnecessary problems of conflict of laws or in the application of foreign law*

Both parties agree that this factor is neutral because this case does not present any conflicts of laws or foreign law issues.

## III. CONCLUSION

The majority of the factors used to determine whether a transfer of venue furthers the convenience of the parties and witnesses militate in favor of granting Defendant's Motion to Transfer Venue. The Houston Division has the strongest relationship to the events, entities, and evidence that are central to the dispute in the case. The Court holds that the Houston Division is the most appropriate forum to try this case and a transfer of venue is warranted. Defendant's Motion to Transfer Venue is **GRANTED.** This action is therefore **TRANSFERRED** to the Houston Division of the Southern District of Texas.

ORDERED this 23rd day of July, 2014.

*[signature]*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE