UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK BLAKE, individually and on behalf of all others similarly situated | § § § § § § § § § § § | |
| Plaintiff, | | Docket No. 2:14-CV-00120 |
| | | JURY TRIAL DEMANDED |
| v. | | |
| | | COLLECTIVE ACTION |
| | | PURSUANT TO 29 U.S.C. § 216(b) |
| ARCHER DRILLING, LLC | | |
| Defendant. | | |

**UNOPPOSED MOTION FOR APPROVAL OF FLSA SETTLEMENT
AND STIPULATION OF DISMISSAL OF LAWSUIT**

Plaintiff Patrick Blake ("Blake" or "Plaintiff") files this Unopposed Motion for Approval of FLSA Settlement and Stipulation of Dismissal of Lawsuit against Archer Drilling, LLC ("Archer" or "Defendant") and in support would show as follows:

**I.      INTRODUCTION AND BACKGROUND**

On April 11, 2014, Blake filed this collective action lawsuit against Archer, on behalf of himself and similarly situated Measurement While Drilling ("MWD") and Directional Drilling ("DD") employees, alleging that he and all putative class members were not paid overtime to which they were entitled, in violation of the Fair Labor Standards Act (the "Lawsuit"). Archer denied the Plaintiffs' allegations and asserted affirmative defenses.

On October 9, 2014, the Court ordered the conditional certification of a class of MWD and DD employees and authorized that notice of the Lawsuit be distributed to potential class members. Through the notice process, 56 class members joined this case.

On May 7, 2015, the Parties mediated before William H. Lemons, an experienced wage and hour mediator. Prior to the mediation, Archer provided extensive, detailed payroll

information for each of the Plaintiffs.  Archer also provided Plaintiffs an extensive analysis of Plaintiffs' claims and its defenses under the FLSA.  The Parties did not reach a settlement at the conclusion of the mediation, but during subsequent negotiations involving Mr. Lemons, entered into an agreement and executed a settlement terms sheet resolving this case on August 4, 2015.

Over the life of this collective action, the Parties conducted discovery, investigated the supporting facts, and thoroughly studied the legal principles applicable to the claims and defenses asserted in this collective action.  Based upon Class Counsel's investigation, legal evaluation, and taking into account the contested legal and factual issues involved, including Class Counsel's assessment of the uncertainties of litigation and the relative benefits conferred upon the Plaintiffs pursuant to this Settlement Agreement, Class Counsel has concluded that a settlement is fair, reasonable, adequate, and in the best interests of the Plaintiffs.

Without any admission of liability, Archer desires to compromise and settle this collective action and all claims by Plaintiffs for unpaid overtime wages, underpaid wages, unpaid wages, liquidated or other damages, penalties, restitution, attorneys' fees, costs, and interest, including but not limited to claims under the FLSA or any other federal, state, or local law pertaining to the payment of wages or their employment, that were or could have been asserted by the Plaintiffs in the Lawsuit.

As shown through this Motion, the proposed FLSA settlement is the result of arm's-length negotiations, conducted by experienced counsel for all Parties, after formally and informally exchanging information, and engaging in substantial negotiations over several months.  The terms of the settlement are reasonable and appropriate and fair to all parties involved.  Accordingly, Plaintiff asks the Court to approve the settlement and enter an order dismissing this lawsuit.

## II.    SETTLEMENT TERMS

As set forth in detail through the attached Settlement Agreement and Release of Claims (Exhibit A, filed under seal), the Parties reached a settlement on behalf of 35 MWDs and 21 DDs who elected to participate in this collective action to provide a compromise of the claims asserted, including back wages, liquidated damages, attorney fees, and costs. *See* 29 U.S.C. Sec. 216(b). The Parties also agreed to an incentive award to the class representative, Patrick Blake, for his service. Half of each individual's payment will be subjected to withholdings and paid through an IRS Form W2. Archer will be responsible for its share of employer's taxes, separate and apart from the agreed upon settlement amount. The other half of each individual's payment will be paid through an IRS Form 1099.

If the Court approves the settlement, Archer will provide ILYM Group, Inc. or a similar qualified settlement administrator with the settlement funds within 10 business days from the first of either (a) the first business day after the date on which the time to challenge any aspect of the Court's approval of this settlement by appeal has lapsed, provided that no such appeal has been filed (regardless of whether any objections to the settlement were made), or (b) if there is an appeal, the first business day after a final resolution of all appeals that result in the full and complete affirmance of the Court's approval of this settlement. The settlement administrator will be charged with distributing the settlement fund to the class members, reporting taxes and issuing tax documents, and dispersing the attorney fees and costs.

Blake has signed the settlement agreement in his representative capacity on behalf of all class members. To accept the settlement portion, class members must only negotiate the settlement checks received. Each check shall be imprinted with, "I agree that I have waived and released the 'Archer Released Parties' from all 'Claims and Damages,' as those terms are defined in the Settlement Agreement in this matter. I affirm that I will not sue or assert any

Claims or seek any Damages against any Archer Released Party."

### III. ARGUMENT

Plaintiff now seeks Court approval of the parties' agreed settlement. The settlement represents a fair compromise of a bona fide dispute concerning the legality of Defendant's compensation practices with respect to its Measurement While Drilling and Directional Drill employees who joined this collective action.

The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee ... affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b).

"FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b)." *Villeda v. Landry's Rests., Inc.,* No. H–08–2287, 2009 WL 3233405, at *1 (S.D.Tex. Oct. 7, 2009) (citing *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor,* 679 F.2d 1350, 1353 (11th Cir.1982)). "If the settlement reflects 'a reasonable compromise over issues,' the court may approve it." *Villeda,* 2009 WL 3233405, at *1 (quoting *Lynn's,* 679 F.2d at 1354). When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA's provisions. *See Lynn's Food Stores*, 679 F.2d at 1355.

#### A. BONE FIDE DISPUTE EXISTED

Congress has recognized that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part that endangered national health and efficiency and, as a result, the free movement of goods in interstate commerce. *See Brooklyn Sav. Bank v. O'Neil,*

4

324 U.S. 697, 706–07, 65 S.Ct. 895, 89 L.Ed. 1296 (1945) .[1] Due to this unequal bargaining power, Courts must ensure that a settlement agreement, following a FLSA claim, must be the product of a bone fide dispute.

In the instant case, the Parties fiercely contested the claims and defenses asserted. Plaintiffs alleged that MWDs and DDs performed largely manual labor in routine fashion, which included rigging up and down oilfield equipment; connecting lines and cables; assembling, maintaining, and cleaning measurement while drilling and directional drilling equipment; strictly following company policies and procedures; and reporting all of their activities to their coordinators or the drill rig representative. Defendants argued that MWDs and DDs perform work related tasks by exercising their own independent judgement and discretion, make high level decisions that affect the overall success of business projects, and are highly compensated earning in excess of $100,000 a year.

Further, Plaintiffs argued that all MWDs and DDs were similarly situated in the terms of relevant job duties and compensation practices, regardless of the length of time or location worked for Archer. On the other hand, Archer maintained that it would seek decertification of the FLSA classes certified by the Court because it believed that all MWDs and DDs are not similarly situated and the cases should be tried independent of each other. The Parties further disagreed on whether Plaintiffs could satisfy their burden to demonstrate that Archer acted willfully, which in turn affects whether Plaintiffs could recover dates for two (2) years or three (3) years. *See* 29 U.S.C. § 255. Plaintiffs also contend that Archer would not be able to meet

---

[1] *Brooklyn Savings Bank*, 324 U.S. 697 (1945)(requiring Court or Department of Labor approval for FLSA settlements, and explaining the low standard for judicial review when the parties are represented by counsel); *see also Evans v. Jeff D.*, 475 U.S. 717. 726-27 (1986)(in deciding whether the proposed settlement reflects a "reasonable compromise" of a bona fide dispute, the Court may either accept or reject it, but should not require the parties to accept any revisions or modifications to the agreement).

their burden to prove that they acted in good faith, which would implicate the amount, if any of liquidated damages. *See* 29 U.S.C. § 260. Defendants maintained that, at all times, it acted in good faith, and damages (if any) should be recovered only for a two (2) year period.

For almost a year, the Parties disputed even the direction this case was going to take, whether mediation was appropriate, and whether or not to conduct discovery of every single class member. As a result of all of the filings, arguments, documentation, hearings, discovery, and motions in the instant suit, the current settlement before the Court is the result of a bone fide dispute. The parties disputed liability in this case and only through, and after mediation, were able to reach a compromise.

**B.    FAIR AND REASONABLE SETTLEMENT**

In determining whether the settlement is fair and reasonable, the Court should note that "there is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.,* 2010 WL 1688793, at *1 (M.D.La.2010) (citing *Camp v. Progressive Corp.,* 2004 WL 2149079, at *5 (E.D.La.2004)). As well, "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.*

The settlement here was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years.[2] Both sides have had considerable experience in prosecuting, defending, and settling federal and state wage and hour claims previously, and, in this case, were particularly well informed as to the facts and circumstances of the litigation. *Austin v. Pennsylvania Dep't of Corrs.*, 876 F.Supp 1437, 1472 (E.D. Pa. 1995)

---

[2]   Plaintiffs' counsel has served as lead counsel in numerous of large-scale wage and hour class/collective actions. *See, e.g., Roussell v. Brinker Int'l, Inc.*, 09-20561, 2011 WL 4067171 (5th Cir. Sept. 14, 2011) (affirming jury verdict in FLSA collective action); *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (affirming summary judgment in favor of a nationwide class of FLSA plaintiffs). Defendant is represented by experienced employment litigation specialists from Muskat, Martinez, and Mahoney.

("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659 (D. Minn. 1974) ("The recommendation of experienced antitrust counsel is entitled to great weight."); *Fisher Brothers v. Phelps Dodge Indus., Inc.,* 604 F. Supp. 446 (E.D. Pa. 1985) ("The professional judgment of counsel involved in the litigation is entitled to significant weight.").

After the parties reached an agreement on the settlement, the parties engaged in extensive negotiations concerning the specific terms of the settlement and the scope of the release. Indeed, it cannot be gainsaid that the settlement documents ultimately approved and executed by the Parties are the result of very comprehensive discussions, as well as exhaustive and hard fought negotiations.

Further, it is important to note that the Representative Plaintiff, on behalf of his coworkers, deems this settlement fair and reasonable. Blake took an active role in this litigation, staying informed on its status almost monthly.

## IV.    CONCLUSION

The parties believe that the terms and conditions of this settlement are fair, reasonable, adequate, beneficial and in the best interests of all parties. As noted above, this proposed settlement was reached following the exchange of information, data, and extensive negotiations. Because of the various defenses asserted by Archer and the possibility that Archer may have successfully defeated or limited some or all of Plaintiffs' claims, including those claims related to willfulness, liquidated damages, and compensation for unpaid overtime, the parties believe that the settlement represents a fair compromise of a bone fide dispute. Moreover, given the strong likelihood that absent a settlement, this case would have proceeded to trial, a compromise of the claims prevents all parties from incurring the additional costs and delay associated with

trial and possibly appeal.

The Parties hereby request that the Court (1) approve this settlement, including all of the terms set forth in the settlement agreement and (2) dismiss this lawsuit and the claims of Plaintiff and all class members with prejudice.

Respectfully submitted,

/s/ *Andrew W. Dunlap*
Michael A. Josephson
Fed. Id. 27157
State Bar No. 24014780
mjosephson@fibichlaw.com
Andrew Dunlap
Fed Id. 1093163
State Bar No. 24078444
adunlap@fibichlaw.com
**FIBICH, LEEBRON, COPELAND BRIGGS & JOSEPHSON**
1150 Bissonnet
Houston, Texas 77005
713-751-0025 – Telephone
713-751-0030 – Facsimile

AND

Richard J. (Rex) Burch
James A. Jones
**BRUCKNER BURCH, PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**COUNSEL FOR PLAINTIFF**

## **CERTIFICATE OF CONFERENCE**

I certify that I have conferred with Defendant about this motion, the relief sought and the exhibits attached, and that Defendant is unopposed to this motion and the relief sought.

*/s/ Andrew W. Dunlap*
Andrew W. Dunlap

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing.

*/s/ Andrew W. Dunlap*
Andrew W. Dunlap
